IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID MILTON GUNDRUM, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:05-CV-069-Y |
| | § | (Consolidated with actions 4:04--CV-081-Y and 4:04-CV-114-Y) |
| DOUGLAS DRETKE, Director, T.D.C.J., Correctional Institutions Division, Respondent. | § § § § | |

OPINION AND ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2254

Pending before the Court is the consolidated petition for writ of habeas corpus under 28 U.S.C. § 2254 brought by David Milton Gundrum. Although initially referred to the magistrate judge, this case was returned to the district judge after the respondent moved to consolidate the three cases. The Court has now consolidated petitioner David Milton Gundrum's three petitions for writ of habeas corpus under 28 U.S.C. § 2254 into the cause number above first listed. Because the respondent has filed an answer asserting the ground that Gundrum's consolidated petition is barred by the one-year limitations provision of 28 U.S.C. § 2244(d), and Gundrum has now filed a reply, the petition is ripe for consideration on the issue of limitations.

By this consolidated action for habeas-corpus relief under 28 U.S.C. § 2254, petitioner David Milton Gundrum, TDCJ No. 1088250, challenges his judgments of conviction for aggravated robbery in cause numbers 0819397R, 0819384R, and 0819411R in the 372nd Judicial District Court, Tarrant County, Texas. (Pets. ¶¶ 1-4.)

Gundrum filed direct appeals, whereupon his convictions were affirmed by the Texas Court of Appeals, Second District, on November 15, 2002. Gundrum sought discretionary review, which the Texas Court of Criminal Appeals refused on April 16, 2003. (Pets. ¶¶ 8-9.) Gundrum filed his first applications for writ of habeas corpus in state district court on April 20, 2004, but they were ultimately dismissed by the Texas Court of Criminal Appeals (TCCA) on August 24, 2004, for lack of compliance with Texas Rule of Appellate Procedure 73.1 and 73.3. (Pets. ¶ 11; *Ex parte Gundrum,* No. 59,856-01 (0819397R), No. 59,856-02 (0819411R ), No. 59,856-03 (0819384R), at covers.) Gundrum filed a second application for writ of habeas in state district court as to each conviction on September 28, 2004, each of which was ultimately denied on the findings of the trial court without a hearing on December 15, 2004. (Pets. ¶ 11; *Ex parte Gundrum,* No. 59,856-04 (0819411R), No. 59,856-05 (0819397B), No.59,856-06 (0819384R), at covers.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposed for the first time a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.[1] This limitations provision, codified at 28 U.S.C. § 2244(d)(1)-(2), provides:

[1]In Title I of the AEDPA, sections 101-106 amend § 2244 and §§ 2253-2255 of chapter 153, Title 28, United States Code, governing all habeas-corpus proceedings in the federal courts. *See* 110 Stat. 1217-1221. The amendments to chapter 153 apply only to cases filed on or after the date the AEDPA was signed into law. *Lindh v. Murphy,* 521 U.S. 320, 326 (1997).

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[2]

As Petitioner's action was filed after the enactment of the AEDPA, the timeliness of his filing is controlled by § 2244(d).

Petitioner Gundrum was convicted in 2002, but the date on which his judgments of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review was July 15, 2003, ninety days after the TCCA refused his petitions

[2] 28 U.S.C.A. § 2244 (d)(1)-(2)(West Supp. 2004).

for discretionary review (April 16, 2003).[3] Thus, one year from the date on which Gundrum's judgments of conviction became final was July 15, 2004.[4] But Gundrum filed this petition for relief under 28 U.S.C. § 2254 as of January 12, 2005.[5]

If a state prisoner files an application for state post-conviction or other collateral review, the time taken to pursue that remedy is not counted toward the one-year limitations period.[6] Thus, for each day that a "properly filed" application for state post-conviction or other collateral review is pending, the limitation period is extended. Resolution of whether the one-year limitations period bars the bringing of this case turns on whether Gundrum's first applications for habeas corpus relief in state court were "properly filed" as required under 28 U.S.C. § 2244(d)

---

[3] *See Flanagan v. Johnson,* 154 F. 3d. 196, 197 (5th Cir. 1998)(noting that even though Flanagan did not file a petition for writ of certiorari with the Supreme Court, his conviction was not final until the ninety-day period to file a petition for writ of certiorari had expired), *citing Casspari v. Bohlen,* 510 U.S. 383,(1994) and *Motley v. Collins,* 18 F.3d 1223, 1225 (5th Cir. 1994).

[4] *See Flanagan,* 154 F.3d at 201-02 (applying to the computation of the AEDPA one-year limitations period the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing the relevant time).

[5] A pro se prisoner's habeas corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998); *see also Sonnier v. Johnson,* 161 F.3d 941, 944-45 (5th Cir. 1998). Gundrum's sworn statement of January 12, 2005, indicates that he delivered the petition to prison officials on that date, and thus January 12 is the earliest date on which this § 2254 petition could be deemed filed under the mailbox rule.

[6] 28 U.S.C.A. § 2244(d)(2)(West Supp. 2004).

(2) and, if not, whether Petitioner is entitled to equitable tolling for the time he submitted his first and second applications to state court.

Again, one year from the date Gundrum's convictions were final was July 15, 2004. Prior to that date Gundrum submitted form applications for habeas-corpus relief under article 11.07 of the Texas Code of Criminal Procedure, with memoranda in support. It appears that one page of the article 11.07 form application (page 6) was omitted as to each application. *Ex parte Gundrum*, No. 56,856-01, 02, and 03 at 5-6.) Although the trial court forwarded the writ applications and records to the TCCA, that Court, on August 25, 2004, dismissed each application for lack of compliance with Texas Rules of Appellate Procedure 73.1 and 73.2.[7] Within a few weeks after learning of the dismissal, Gundrum refiled article 11.07 application forms with the trial-court clerk, this time with the missing page of instructions and possible grounds for relief included. Those applications were ultimately denied on the merits. (*Ex parte Gundrum,* No. 59,856-04-06, at 5-7.)

Under controlling and persuasive authority in this circuit, Gundrum's argument that his initial article 11.07 applications should be considered "properly filed" is foreclosed. In *Larry v.*

---

[7]Rule 73.1 of the Texas Rules of Appellate Procedure prescribes the form and its required contents to file for relief under article 11.07. Rule 73.2 provides that the clerk of the convicting court will not file an application that does not use the form, and it provides that the clerk of the Court of Criminal Appeals may return a non-complying application with direction to the clerk of the convicting court to return it to the applicant.

*Dretke,* the Court of Appeals for the Fifth Circuit held that "an application is *not* "properly filed" if the state court blindly applies the procedural bar in all cases without ever having to consider any potential exception to its prohibition or examine any issues related to the substance of the application."[8] In the state-court proceedings in *Larry,* the petitioner had filed a habeas application prior to his judgment's becoming final. The application was pending for more than one year before the trial court issued findings of fact, denied the application and then forwarded the file to the TCCA. But the TCCA dismissed the application.[9] In resolving whether such application was "properly filed" under § 2244(d)(2), the Fifth Circuit determined that because the article 11.07 application in that case was filed prior to the applicable judgment's becoming final, and was ultimately dismissed by the TCCA, the article 11.07 application was not properly filed, even though the trial court had issued findings of fact and had denied the petition.[10] The opinion in *Larry* forecloses any argument here that since the trial court accepted for filing Gundrum's initial article 11.07 applications, entered an order, and

[8] *Larry v. Dretke,* 361 F.3d 890, 893-94 (5th Cir.), *cert. den'd,* 125 S.Ct. 141 (2004), *citing Emerson v. Johnson,* 243 F.3d 931, 934 (5th Cir. 2001).

[9] *Id.,* at 892.

[10] *Id.,* at 895 ("Thus, if a state court mistakenly accepts and considers the merits of a state habeas application in violation of its own procedural requirements, including those governing jurisdiction, that habeas application is not "properly filed.")

forwarded it to the TCCA, such action made the pendency of that application "properly filed" for purposes of § 2244(d)(2).[11]

Furthermore, the Fifth Circuit recently determined that an article 11.07 application, deficient for the failure of an applicant to properly complete the application, did not constitute a "properly filed" petition under § 2244(d)(2). In *Edwards v. Dretke,* the petitioner sought §2244(d)(2) tolling credit for the pendency of an article 11.07 application that was dismissed by the TCCA for lack of compliance with Rule 73.2 of the Texas Rules of Appellate Procedure, "specifically because it did not set out the grounds on the art. 11.07 'form rather than by reference.'" The district court determined:

> Although the Dallas County Clerk accepted the initial art. 11.07 application for filing and the trial court issued its findings, the Texas Court of Criminal Appeals rejected the application because it did not comply with state procedural rules. The application, thus, must be deemed as though it was never filed by the Dallas County District Clerk.[12]

In spite of this determination, the federal district court granted a certificate of appealability on the question of whether such application was "properly filed." The Fifth Circuit, however, then affirmed the district court, holding that "[t]he initial filing of Edwards's state habeas-corpus application did not constitute a "properly filed" application for purposes of 28 U.S.C. § 2244(d)(2)

---

[11]*Id.,* (noting that an application can be "pending" but not "properly filed"), *citing Artuz v. Bennett,* 531 U.S. 4, 9 (2000).

[12]*Edwards v. Dretke,* No.3:02-CV-2673-M, 2003 WL 21321231 (N.D.Tex. June 5, 2003), *adopted by* Order December 5, 2003).

because the Texas Court of Criminal Appeals determined that the application failed to comply with Tex. R. App. 73.2."[13]

Although the *Edwards* case, as an unpublished opinion, is not precedent, it is instructive. Because Gundrum's first applications under article 11.07 failed to include all required pages, and therefore were found not in compliance with Rule 73.2 by the TCCA, such applications did not constitute "properly filed" application for post-conviction review under § 2244(d)(2). Furthermore, with regard to the second applications filed under article 11.07 as to each conviction, as they were filed after the expiration of the one-year period, their pendency does not extend the limitation period.[14]

Gundrum also argues that he is entitled to equitable tolling for the time he pursued the improperly filed state writ applications. The one-year limitation for filing a petition under § 2254 can be subject to equitable tolling.[15] But the burden is on the petitioner--here Gundrum--to show rare, exceptional, and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[16] The Fifth

---

[13]*Edwards v. Dretke,* No. 03-11347, (October 6, 2004), *citing Artuz,* 531 U.S. at 8 and *Larry,* 361 F.3d at 895 (unpublished-copy attached hereto).

[14]*See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

[15]*See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[16]*See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[17] Further, the doctrine will not be applied where the petitioner failed to pursue relief under § 2254 with diligence.[18] Even assuming that Gundrum acted with diligence in refiling article 11.07 applications after learning of the deficiencies in the initial applications,[19] and in preparing and delivering the instant § 2254 petition,[20] Gundrum cannot make a showing entitling him to equitable tolling, as arguments similar to his were rejected by the court of appeals in both *Larry v. Dretke*[21] and *Edwards v. Dretke.*[22] The Court notes, however, that because the inadequacy in this case was the omission of an instruction page from the article 11.07

---

[17]*Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[18]*See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002), *citing Patterson,* 211 F.3d at 930.

[19]The first article 11.07 applications were dismissed on August 25, 2004; the subsequent article 11.07 applications were signed by Gundrum on September 9, 2004, and file-stamped on September 28, 2004. (*Ex parte Gundrum,* No. 59,856-01-03 at covers; No.59,856-04 at 1A, 8; No. 59,856-05-06, at 2,9).

[20]The subsequent article 11.07 applications were denied on December 15, 2004. Gundrum placed the instant § 2254 petition in the prison mail on January 12, 2005.

[21]*Larry,* 361 F.3d at 897 (rejecting petitioner's claim that because state court held his application for over a year he was mislead or prevented from asserting his rights: "{L]arry's own action of filing his state habeas application before his judgment was final, rather than any action taken by the state court, prevented him from asserting his rights.")

[22]*Edwards,* No. 03-11347, at 2 ("Edwards has failed to allege circumstances warranting equitable tolling from the time he initially filed his state habeas corpus application to the time that application was returned to him for noncompliance."), *citing Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

application, as opposed to the failure by the applicant to actually complete all portions of the article 11.07 form, jurists of reason could debate whether the equitable tolling issue should have been resolved in a different manner or is adequate to deserve encouragement to proceed further,[23] such that should Gundrum file a notice of appeal, this Court will grant a certificate of appealability on that issue.

For the above, and foregoing reasons, it is therefore ORDERED that Petitioner's Petition for Writ of Habeas Corpus be, and is hereby, DISMISSED WITH PREJUDICE.

SIGNED June 14, 2005.

Terry R. Means

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

[23] *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**H**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fifth Circuit Rule 47.5.4. (FIND CTA5 Rule 47.)

United States Court of Appeals,
Fifth Circuit.
Lance Gerhard EDWARDS, Petitioner-Appellant,
v.
Doug DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent-Appellee.
**No. 03-11347.**
**Summary Calendar.**

Decided Oct. 6, 2004.

**Background:** Petitioner, who was convicted by guilty plea of burglary of a habitation with the intent to commit theft, filed petition for writ of habeas corpus. Based on recommendation of United States Magistrate Judge, 2003 WL 21321231, the United States District Court for the Northern District of Texas, dismissed petition. Prisoner was granted certificate of appealability (COA).

**Holdings:** The Court of Appeals held that:
(1) initial filing of petitioner's state habeas corpus application did not constitute a "properly filed" application for purposes of statutory tolling provision, and
(2) petitioner failed to allege circumstances warranting equitable tolling of limitations period for filing application.
Affirmed.

West Headnotes

**[1] Habeas Corpus 603**
197k603 Most Cited Cases
Initial filing of petitioner's state habeas corpus application did not constitute a "properly filed" application for purposes of statutory tolling provision, where Texas Court of Criminal Appeals determined that application was to be returned to petitioner for noncompliance. 28 U.S.C.A. §§ 2244(d)(2), 2254; Tex.Rules App.Proc., Rule 73.2.

**[2] Habeas Corpus 603**
197k603 Most Cited Cases
Petitioner failed to allege circumstances warranting equitable tolling of limitations period for filing federal habeas application from the time he initially filed his state habeas corpus application to the time that application was returned to him for noncompliance. 28 U.S.C.A. §§ 2244(d)(2), 2254; Tex.Rules App.Proc., Rule 73.2.
***471** Lance Gerhard Edwards, Rosharon, TX, pro se.

Toni Raven Estaville, Office of the Attorney General for the State of Texas, Austin, TX, for Respondent-Appellee.

Appeal from the United States District Court for the Northern District of Texas, USDC No. 3:02-CV-2673-M.

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM: [FN*]

FN* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

****1** [1] In May 1998, Lance Gerhard Edwards, now Texas prisoner # 831407, was convicted by guilty plea of burglary of a habitation with the intent to commit theft and sentenced to 30 years' imprisonment. He appeals from the district court's dismissal of his 28 U.S.C. § 2254 application as time-barred. The district court granted a certificate of appealability as to: (1) whether the initial filing of Edwards's state habeas corpus application constituted a "properly filed" application for purposes of the statutory tolling provision under 28 U.S.C. § 2244(d)(2); and (2) whether Edwards was entitled to equitable tolling. This court reviews *de novo* the district court's denial of a § 2254 application based upon procedural grounds. *Grillette v. Warden, Winn Corr. Ctr.,* 372 F.3d 765, 769 (5th Cir.2004).

[2] The initial filing of Edwards's state habeas corpus application did not constitute a "properly filed" application for purposes of 28 U.S.C. § 2244(d)(2) because the Texas Court of Criminal Appeals determined that the application failed to comply with Tex.R.App. P. 73.2. *See Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Larry v. Dretke,* 361 F.3d 890, 895 (5th Cir.2004). Moreover, Edwards has failed to allege circumstances warranting equitable tolling from the time he initially filed his state habeas corpus application to the time that application was returned to him for noncompliance. *See Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir.2000); *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999). Accordingly, because the district court properly dismissed Edwards's instant application as barred by limitations, the district court's judgment is AFFIRMED.

116 Fed.Appx. 470, 2004 WL 2278502 (5th Cir.(Tex.))

**Briefs and Other Related Documents** **(Back to top)**

? 2004 WL 3159068 (Appellate Brief) Appellants Brief for Certificate of Appealability (Mar. 31, 2004)Original Image of this Document (PDF)

? 03-11347 (Docket) (Dec. 31, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.